White, J.
Defendant Edward A. Sokoloff (“Sokoloff j brings a Motion to Dismiss Count I of plaintiffs complaint pursuant to Mass.R.Civ.P. 12(b)(2) and 12(b)(6).[1] In Count I of the complaint, plaintiff seeks enforcement of a default deficiency judgment obtained in Pennsylvania. For the reasons set forth below, defendant’s motion is ALLOWED.
FACTS
Defendant purchased a condominium located in Pennsylvania from the Home Owners Federal Savings and Loan Association (“Bank”). The Bank, which had its headquarters in Massachusetts and had no branch offices in Pennsylvania, took as payment a mortgage on the condominium and plaintiffs promissory note. Defendant is a Massachusetts resident, and was in Massachusetts when he made all arrangements for the purchase and when he signed the note which he gave as value for the purchase.
Defendant defaulted on the note, and plaintiff Resolution Trust Company (“Resolution”), as receiver for the Bank, foreclosed on the property.[2] A deficiency of $25,727.06 remains. Defendant claims that although the Pennsylvania court had in remjurisdiction over the condominium he owned, the court lacked jurisdiction to enter a money judgment against him, and therefore moves to dismiss the complaint seeking enforcement of the Pennsylvania default deficiency judgment.
DISCUSSION
In order to establish personal jurisdiction, plaintiff must show (1) that defendant’s action fell within the parameters of the state’s long-arm statute and (2) that the defendant had sufficient minimum contacts with the forum state so that the exercise of personal jurisdiction “does not offend traditional notions of fair play and substantial justice.” International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).
I. Long-arm Statute:
The Pennsylvania long-arm statute, 42 Pa.C.S. §5322(a) states:
A tribunal of this Commonwealth may exercise personal jurisdiction over a person . . . who acts directly or by an agent, as to a cause of action or other matter arising from such person . . .
(5) Having an interest in, using, or possessing real property in this Commonwealth.
Plaintiff argues that the instant cause of action arose from defendant’s having an interest in or possessing property in Pennsylvania, since the deficiency judgment arose after foreclosure on the condominium defendant owned in Pennsylvania. Plaintiff attempts to buttress this claim by pointing to the Pennsylvania Deficiency Judgment Act, 42 Pa.C.S. §8103, which requires a judgment creditor to petition the court to fix the fair market value of the property to be sold at a foreclosure sale. Plaintiff argues that the Deficiency Judgment Act protects creditors in “proceedings to collect the balance due with respect to a judgment, even though the property was sold in an in rem proceeding,” Marine Midland Bank v. Surfbelt, Inc., 718 F.2d 611, 614 (3d Cir. 1983), and that the Act must be read as conferring personal jurisdiction on Pennsylvania in all deficiency actions arising from foreclosures in that state.
The case on which plaintiff relies for this proposition arose, however, in the context of a creditor who sought to avoid filing a petition with the court as was required by statute. The Third Circuit, applying Pennsylvania law, stated that:
The policy of the Deficiency Judgment Act is to protect debtors against the risk of a mortgagee obtaining a “double recovery.” This occurs where a mortgagee purchases the mortgaged property for less than fair market value at the foreclosure sale, and then proceeds against the debtor for the deficiency.
Marine Midland Bank, 718 F.2d at 616-17.
The case further states that “the mortgage foreclosure is an in rem proceeding and . . . any deficiency resulting from the foreclosure could not itself serve as the basis for securing a personal judgment against [a defendant].” Marine Midland Bank, 718 F.2d at 614. It is therefore clear that the purpose of Pennsylvania’s Deficiency Judgment Act is to create a judicial mechanism for assessing the fair value of a piece of property *667 rather than to create personal jurisdiction over a party who otherwise would not be subject. A determination of whether it was appropriate to exercise jurisdiction over the defendant must stand or fall on whether the cause of action arose from defendant’s act of ownership of the condominium in Pennsylvania without regard to the Deficiency Judgment Act.
II. Minimum Contacts:
Assuming for the moment that the plaintiffs cause of action did arise from the ownership of properly, bringing defendant within the reach of the Pennsylvania long-arm statute, it becomes necessary to determine whether Sokoloff had sufficient minimum contacts with Pennsylvania to permit the exercise of personal jurisdiction over him. In making this determination, there are several factors for the court to consider, including: (a) the burden on the defendant; (b) the forum state’s interest in resolving the dispute; (c) the plaintiffs interest in obtaining convenient and effective relief; (d) the judicial system’s interest in efficiently resolving the dispute; and (e) the interest of the states in furthering substantive social policies. World-Wide Volkswagen v. Woodson, 444 U.S. 286, 292 (1980). An analysis of these factors shows that there are not sufficient minimum contacts between Sokoloff and Pennsylvania to make an exercise of personal jurisdiction over him there reasonable.
While Pennsylvania may have significant interest in permitting foreclosure on properties located within its borders and in assessing the fair market value of such properties, Pennsylvania has no strong interest in resolving the dispute between the two parties over the deficiency. Plaintiffs predecessor-in-interest, Home Owners Savings Bank, with whom defendant signed the promissory note, had its headquarters in Massachusetts and no branches in Pennsylvania. Furthermore, plaintiffs interest in obtaining convenient and effective relief is not a reason for resolving the deficiency issue in Pennsylvania; plaintiff is not a Pennsylvania corporation, and in fact does business in all fifty states. There is no significant impact on substantive social policies or on judicial economy implicit in the litigation of the deficiency issue.
In comparison to the above factors, the burden on the defendant of having to defend against the deficiency judgment in Pennsylvania would be great. Furthermore, it is unlikely that the defendant would reasonably envision being haled into court in Pennsylvania in a dispute over a deficiency remaining after a foreclosure sale, since all of the transactions leading up to the mortgage took place in Massachusetts and all of the original parties to the mortgage were located in Massachusetts.
ORDER
For the foregoing reasons; defendant’s Motion to Dismiss Count I of plaintiffs complaint is ALLOWED.

 Count II, which Sokoloff does not move to dismiss, seeks a judgment under the promissory note Sokoloff executed.

 The current plaintiff, the Federal Deposit Insurance Corporation, appears as statutory successor to Resolution Trust Corporation, as Receiver of Home Owners Savings Bank, F.S.B.